UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS MARTIN DUBRAVEC,

        Plaintiff,                          Hon. Paul L. Maloney

v.                                       Case No. 1:25-cv-447

CITY OF CADILLAC, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on April 22, 2025, against the City of Cadillac; Wexford County; Allergy, Asthma & Integrated Care; and Martin Stanislaus Dubravec. (ECF No. 1). On April 30, 2025, Plaintiff filed an amended complaint, which added five additional Defendants—the State of Michigan; Center of Forensic Psychiatry; Couty of Manistee; County of Kalkaska; and Pine Rest Christian Mental Health Services. (ECF No. 6). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's amended complaint be dismissed and this action terminated.

## BACKGROUND

Plaintiff alleges that "[he] was convicted of something [he] did not do, and [he] ha[s] recently been charged with something [he] did not do." (ECF No. 6, PageID.18). He alleges that he fired his defense attorney, but the local court and the State of Michigan have "both refused to accept that decision, assuming that the optics of the damage from my parents['] domestic violence, stalking, and abuse is a diversion they will use." (*Id.*)   He further alleges that he is supposed to go to a psych ward on May 1st.   (*Id.*)

For the basis for federal question jurisdiction, Plaintiff lists "unfair trials, unlawful arrest, perjury excessive bail, prosecutorial misconduct, obstruction of justice, witness tampering, evidence tampering, conspiracy to obstruct justice, aiding and abetting harassment, abuse with intent to cause emotional distress, and threatening federal employees."   (*Id.* at PageID.17).   As relief, Plaintiff requests that (1) all Defendants be ordered to pay $250,000.00 to the federal government; (2) his maternal grandmother be placed in witness protection; (3) the State of Michigan, Wexford County, and the City of Cadillac "be held liable for neglect of duty"; and (4) his parents be prosecuted for all crimes committed. (*Id.* at PageID.18).

## ANALYSIS

*Pro se* pleadings are liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a

> plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Here, Plaintiff's complaint fails to state a claim because he fails to allege sufficient facts.  His allegations are vague and conclusory.  He fails to allege who committed the various acts that allegedly give rise to this action, and he fails to articulate any specific factual allegations against most Defendants.  Simply, Plaintiff has failed to allege facts which, if proven, would entitle him to relief.

In addition, to the extent Plaintiff is challenging a current or pending prosecution, the Court declines to intervene in an ongoing state criminal prosecution. As has long been recognized, federal courts should abstain from interfering in on-going state criminal matters "unless extraordinary circumstances are present." *Marjamaa v. Mitchell*, 2019 WL 5853486 at *1-2 (W.D. Mich., Nov. 8, 2019) (citing *Younger v. Harris*, 401 U.S. 37, 44-55 (1971)).  Plaintiff's allegations fall well short of establishing the sort of extraordinary circumstances which would justify interference by this Court in an on-going state criminal matter.  *Marjamaa*, 2019

-4-

WL 5853486 at *2.   Accordingly, the undersigned recommends that this matter be dismissed for failure to state a claim on which relief may be granted.[1]

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that the amended complaint (ECF No. 6) be dismissed and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: May 6, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

---

[1] The Court notes that the State of Michigan is immune from suit in this case.   *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).